**J. Keith IDEMA & Counterr Group, Inc., Plaintiffs–Appellants,**

v.

**Richard K. WAGER, Stuart I. Shinske, Gabriel J. Wasserman, The Poughkeepsie Journal, Gannett Company, Inc, Gannett National Newspaper Sales, Inc. and Gannett Satellite Information Network, Inc., both individually and severally, Defendants–Appellees.**

**Docket No. 00–9540.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2002.

J. Keith Idema, pro se, Fayetteville, NC; George Pappas, Hawthorne, NY, for appellant Counterr Group, Inc.

James E. Nelson, Poughkeepsie, NY, for Appellee.

Present POOLER, SOTOMAYOR, Circuit Judges, and KAPLAN, District Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED and plaintiffs' motion to vacate a prior order of this court striking their reply brief is DENIED.

On January 29, 1999, the Poughkeepsie Journal printed an article with the head-

---

* The Honorable Lewis A. Kaplan, United States District Court Judge for the Southern District of New York, sitting by designation.

line "Militant sues Red Hook." The body of the article explained that J. Keith Idema, the "operator of a former anti-terrorism training facility" had sued Red Hook because the town's 1985 prosecution of Idema for zoning violations, which was dismissed in 1987 on procedural grounds, forced him to close his anti-terrorism school, Counterr Group, Inc. ("Counterr"), for financial reasons. The article went on to report that Counterr, which has since reopened in North Carolina, "claimed many of its instructors were former commandos in special forces units ..." and that "[i]n 1983, it boasted 'some of the most exotic and state-of-the art hostage rescue training ranges in America.'" The article also noted that Counterr had been "featured by CBS as the most professional organization of its kind."

After a futile attempt to obtain a retraction of the headline's characterization of Idema as a "militant," plaintiffs filed suit. Their lawsuit-filed in the United States District Court for the Southern District of New York-contained claims for libel and defamation, civil conspiracy, intentional infliction of emotional distress, and "violation of civil rights." On October 29, 1999, defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that (1) neither the word "militant" in the headline of the article nor the publication as a whole was defamatory; (2) plaintiffs had not pled special damages, (3) there is no cause of action for civil conspiracy; (4) plaintiffs did not state a claim for intentional infliction of emotional distress; and (5) plaintiffs failed to state a claim for violation of civil rights. The district court granted this motion on default on December 14, 1999, but later vacated as to Idema. After obtaining counsel, Counterr moved to vacate its default.

On November 2, 2000, Judge McMahon dismissed all of the claims against defendants and denied Counterr's motion to vacate the default judgment because Counterr's claims lacked merit.

■ Plaintiffs appealed. Because plaintiffs limited their briefing to their defamation and civil rights claims, they have abandoned their conspiracy and intentional infliction of emotional distress claims. See Price v. Int'l Union, UAW, 927 F.2d 88, 93 n. 5 (2d Cir.1991).

■ A defamatory statement is "one that exposes an individual 'to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation or disgrace, or ... induces an evil opinion of one in the minds of right-thinking persons, and ... deprives one of ... confidence and friendly intercourse in society.'" Celle v. Filipino Reporter Enters., Inc., 209 F.3d 163, 177 (2d Cir.2000) (quoting Kimmerle v. New York Evening Journal, 262 N.Y. 99, 186 N.E. 217, 218 (N.Y.1933)). It is for the court to determine in the first instance whether the words are susceptible of a defamatory meaning. Celle, 209 F.3d at 177. In performing this task, the court must read the offending words in the context of the whole article and test them against "the understanding of the average reader." Id. (internal quotation marks omitted). If the words can be understood in both a defamatory and a non-defamatory sense, the court must submit the issue to the jury for its finding as to whether the words were used and understood in a defamatory manner. Id. at 178. Here, the context of the entire article ensures that the word "militant" could not be understood by the average reader as defamatory. The article quotes a favorable assessment of Counterr by a major television network and indicates that Counterr was an anti-terrorism school. Contrary to plaintiff's position, neither the article nor the head-

line suggests in any fashion that Counterr or Idema are themselves communists or terrorists. Therefore, the district court correctly dismissed the defamation claim.

 Judge McMahon dismissed plaintiffs' civil rights claim because the newspaper was not a state actor and plaintiffs' interest in their reputation is not constitutionally protected. Plaintiffs contend that the district court erred by finding a lack of state action because they alleged that defendants conspired with Red Hook officials. They also suggest that defendants retaliated against them for exercising First Amendment and Due Process rights. Below, plaintiffs asserted that their constitutional injury was their loss of reputation and did not claim a retaliatory motive; thus we do not consider plaintiffs' second argument. *Robinson v. Government of Malaysia*, 269 F.3d 133, 147 (2d Cir.2001). Even assuming that plaintiffs adequately pleaded defendants' status as state actors, they did not describe a constitutional wrong. Plaintiffs' interest in protecting their reputation from defamation "is neither 'liberty' nor 'property' recognized by state or federal law." *Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Because plaintiffs have not described any of the special circumstances that elevate defamation to a constitutional wrong, *see, e.g., Valmonte v. Bane*, 18 F.3d 992, 1001–02 (2d Cir.1994), their civil rights claim fails.

We have considered all of plaintiffs' arguments and found that they lack merit. We also deny plaintiffs' motion to vacate a prior order of this court that struck plaintiffs' reply brief because the reply brief sought to add materials that were not before the district court. *See* Fed. R.App. P. 10(a).